1  SCOTT N. SCHOOLS, SC SBN 9990
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   ILA C. DEISS, NY SBN 3052909
4  Assistant United States Attorney

5     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102
6     Telephone: (415) 436-7124
      FAX: (415) 436-7169
7
   Attorneys for Respondents
8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12 ANITA PATEL,                        )
                                       )  No.    C 07-2919 SI
13              Petitioner,            )
                                       )
14         v.                          )  **ANSWER**
                                       )
15 ALBERTO GONZALES, in his official capacity, )
   Attorney General, United States Department of )
16 Justice, et al.,                   )
                                       )
17              Respondents.           )
   _____ )

18

19      Respondents hereby submit their answer to Petitioner's Complaint for Writ of Mandamus.

20                        **INTRODUCTION**

21      1.  Paragraph One consists of Petitioner's conclusions of law for which no answer is necessary.

22      2.  Respondents admit that Petitioner filed her I-485 application on June 3, 2005; however,

23 Respondents deny the remaining allegations in Paragraph Two.

24                     **JURISDICTION and VENUE**

25      3.  Paragraph Three consists of Petitioner's allegation regarding jurisdiction, to which no

26 responsive pleading is required; however, to the extent a responsive pleading is deemed necessary,

27 Respondents deny the allegations in this paragraph.

28      4.  Paragraph Four consists of Petitioner's allegations regarding venue, to which no responsive

pleading is required; however, to the extent a responsive pleading is deemed necessary, Respondents deny the allegations in this paragraph.

5.  Paragraph Five consists of Petitioner's allegations regarding intradistrict assignment, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Respondents are without sufficient information or knowledge to either admit or deny that Petitioner's allegations regarding intradistrict assignment.

### PARTIES

6.  Respondents admit the allegations in Paragraph Six.

7.  Respondents admit the allegations in Paragraph Seven.

8.  Respondents admit the allegations in Paragraph Eight.

9.  Respondents admit the allegations in Paragraph Nine.

10.  Respondents admit the allegations in Paragraph Ten with the exception that Rosemary Melville is the District Director for District 21.

### FACTUAL ALLEGATIONS

11.  Respondents admit the allegations in Paragraph Eleven.

12.  Respondents admit the allegations in Paragraph Twelve.

13.  Respondents admit the allegations in Paragraph Thirteen.

14.  Respondents admit that the I-485 was signed on March 7, 2005, however, it was not properly filed with USCIS until June 3, 2005.

15.  Respondents admit that the G-325A was completed and signed on March 7, 2005, however, it was not properly filed with USCIS until June 3, 2005.

16.  Respondents admit that the G-325A was completed and signed on March 7, 2005, however, it was not properly filed with USCIS until June 3, 2005.

17.  Respondents admit that the I-765 was completed on an unknown date, however, it was not properly filed with USCIS until June 3, 2005.

18.  Respondents admit that the I-130 was completed and signed on May 25, 2005, however, it was not properly filed with USCIS until June 3, 2005.

19.  Respondents admit the allegation in Paragraph Nineteen.

20.  Respondents admit the allegations in Paragraph Twenty with the exception that the Notice for the Interview was dated September 29, 2005, not June 3, 2005.

21.  Respondents admit the allegations in Paragraph Twenty-One.

22.  Respondents are without sufficient information to admit or deny the allegations in Paragraph Twenty-Two.

23.  Respondents admit the allegations in Paragraph Twenty-Three.

24.  Respondents admit the allegations in Paragraph Twenty-Four.

25.  Respondents admit the allegations in Paragraph Twenty-Five.

26.  Respondents are without sufficient information to admit or deny the allegations in Paragraph Twenty-Six.

27.  Respondents are without sufficient information to admit or deny the allegations in Paragraph Twenty-Seven.

28.  Respondents are without sufficient information to admit or deny the allegations in Paragraph Twenty-Eight.

29.  Respondents admit the allegations in Paragraph Twenty-Nine.

30.  Respondents are without sufficient information to admit or deny the allegations in Paragraph Thirty.

31.  Respondents are without sufficient information to admit or deny the allegations in Paragraph Thirty-One.

### CAUSE OF ACTION

32.  Respondents incorporate their responses to Paragraph One through Thirty-One as if set forth fully herein.

33.  Respondents admit that the Petitioner is the subject of an approved I-130 petition. Respondents deny the remaining allegations in Paragraph Thirty-Three.

34.  Respondents are without sufficient information to admit or deny the allegations in Paragraph Thirty-Four.

35.  Paragraph Thirty-Five consists of Petitioner's conclusions of law for which no answer is necessary.

ANSWER
C07-2919 SI                                    3

36.  Paragraph Thirty-Six consists of Petitioner's conclusions of law for which no answer is necessary.

37.  Paragraph Thirty-Seven consists of Petitioner's conclusions of law for which no answer is necessary.

### PRAYER FOR RELIEF

The remaining paragraph under the heading "Prayer for Relief" consists of Petitioner's prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Respondents deny this paragraph.

### FIRST AFFIRMATIVE DEFENSE

Petitioner's petition fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The court should dismiss the complaint under Fed. R. Civ. P. 12(b)(6) because Petitioner cannot establish that Respondents' duty to act is ministerial, that no other adequate remedy is available, or that Petitioner have a clear right to the relief sought.  *See* 28 U.S.C. § 1361.

WHEREFORE, Respondents pray for relief as follows:

That judgment be entered for Respondents and against Petitioner, dismissing Petitioner's petition with prejudice; that Petitioner take nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: August 10, 2007                                Respectfully submitted,

                                                      SCOTT N. SCHOOLS
                                                      United States Attorney


                                                      _____/s/_____
                                                      ILA C. DEISS
                                                      Assistant United States Attorney
                                                      Attorneys for Respondents

ANSWER
C07-2919 SI                              4