Michael Craig Cox, CA SBN # 248393  
120 Roble Road, #108  
Walnut Creek, CA 94597  
Telephone:    650.245.2565  
Facsimile:    by appointment: 925.943.6249  
Email:        mick@legalhelpfor.us  

Attorney for Petitioner  
Anita PATEL

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **Anita PATEL,** | Case No.: C 07 2919 SI |
| Petitioner, | |
| v. | **Joint Case Management Statement and Proposed Order** |
| **Alberto GONZALES**, in his official capacity, Attorney General, United States Department of Justice; | Immigration Case, Administrative Procedure Act Case |
| **Michael CHERTOFF**, in his official capacity, Secretary, United States Department of Homeland Security; | Agency No.: A096 542 186 |
| **Emilio GONZALEZ**, in his official capacity, Director, United States Citizenship and Immigration Services, United States Department of Homeland Security; and | |
| **David STILL**, in his official capacity, District Director, United States Citizenship and Immigration Services, United States Department of Homeland Security, San Francisco, California, | |
| Respondents. | |

The parties to the above entitled action hereby submit this Joint Case Management Statement and Proposed Order and request the Court to adopt it as the Case Management Order in this case.

1. <u>Jurisdiction and Service</u>:  This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1361, the Mandamus Act; 28 U.S.C. § 2201, the Declaratory Judgment Act; 28 U.S.C. § 1331, general federal question jurisdiction; and 5 U.S.C. § 702, the Administrative Procedure Act ("APA").  No jurisdictional or venue disputes have been expressed.

All respondents were served via U.S. certified mail, postmarked June 8, 2007.  No parties remain to be served in this matter.

2. <u>Facts</u>:  Petitioner Anita Patel is a native and citizen of the United Kingdom.  On May 3, 2002, Petitioner Patel married Anand Paul Singh Judge in California.  Mr. Judge was born in California and as a result is a United States citizen.  On or about June 3, 2005, Petitioner Patel's husband filed an immediate family visa application, Form I-130 Petition for Alien Relative.  The I-130 petition filed on behalf of Petitioner Patel was approved by CIS on December 14, 2005.

On or about June 3, 2005, Petitioner Patel filed Form I-485 Application to Register Permanent Resident or Adjust Status.  Due to Mr. Judge's U.S. citizenship and marriage to Petitioner Patel, an immigrant visa was immediately available to Petitioner Patel, and she was therefore eligible to adjust her status to that of a lawful permanent resident.  <u>See</u> 8 U.S.C. § 1151(b)(2), 8 U.S.C. § 1255(a).

The USCIS has not adjudicated Petitioner Patel's I-485 application that is based on her marriage to Mr. Judge, who is a U.S. citizen.  On June 5, 2007, Petitioner Patel filed this action seeking an order directing USCIS to adjudicate her application for permanent residency.

There are no principal factual issues in dispute between the parties in this matter.

3. <u>Legal Issues</u>

The principal legal issue is whether respondents have violated the Immigration and Nationality Act and the Administrative Procedures Act by failing to adjudicate the marriage-based adjustment of status application.

4. <u>Motions</u>:  No motions have been filed in this matter, but a request to the Clerk to enter default against Respondents was filed by Petitioner Patel, and subsequently declined after Respondents' answer was filed.

5. <u>Amendment of Pleadings</u>:  No amendments of pleadings are anticipated at this time.

6. <u>Evidence Preservation</u>:  All necessary evidence in this matter is available based on documents currently in the possession of parties or their counsel, which may be authenticated by testimony.  All parties agree not to destroy any document, aural, or electronic record that may be of potential value in this case.

7. <u>Disclosures</u>:  The parties have no documents subject to the local or federal rules relating to disclosure.

8. <u>Discovery</u>:  The parties do not anticipate the need for any formal discovery.

9. <u>Class Actions</u>:  This matter is not a class action.

10. <u>Related Cases</u>:  No cases in the judicial system are related to this matter.

11. <u>Relief</u>:  Petitioner seeks the following relief:

    (1)    Assume jurisdiction over this matter;

    (2)    Order that Respondents adjudicate Petitioner Anita Patel's application for permanent residency;

    (3)    Award reasonable costs and attorney's fees; and

    (4)    Grant such further relief as the Court deems just and proper.

Respondents seek the following relief:

(1)   Enter judgment for Respondents against Petitioner;

(2)   Dismiss Petitioner's petition with prejudice;

(3)   Petitioner take nothing; and

(4)   Grant such further relief as the Court deems just and proper.

12. <u>Settlement and ADR</u>:  The joint ADR filing was made to the Court on October 4, 2007.  Both parties agree that ADR is unlikely to help this matter reach settlement due to the nature of the legal issue involved.  As a result, the parties requested an exemption from the Court's rules regarding ADR.  An order of this Court was filed on October 9, 2007 based upon the stipulation by both parties.

13. <u>Consent to Magistrate Judge for All Purposes</u>:  The parties have not consented, but are willing to consent, to a magistrate judge for all proceedings in this matter.

14. <u>Other References</u>:  All parties agree that this matter is not suitable for other reference.

15. <u>Narrowing of Issues</u>:  The legal issues in this case are not conducive to narrowing, but the scope of evidence required to establish some or all of the underlying facts in this matter can likely be streamlined by stipulation based upon documents in the possession of the parties.

16. <u>Expedited Schedule</u>:  This matter is not the type to be handled by an expedited schedule, except as outlined elsewhere in this statement.

17. <u>Scheduling</u>:  The parties believe this action may be properly disposed of by summary judgment and therefore do not request a trial date.  The parties propose the following schedule for the motions for summary judgment:

Petitioner's Motion for Summary Judgment due:    November 16, 2007

Respondents' Opposition due:    November 30, 2007

Petitioner's Reply due:    December 7, 2007

Hearing:                                                                December 21, 2007

18. <u>Trial</u>:  If a trial is necessary, a jury has not been, and will not be, requested.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:  Parties do not know of any person, firm, partnership, corporation, or other entity having either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.   Aside from the aforementioned tactics referred to in this statement, the parties know of no other matters that may facilitate the just, speedy, and inexpensive disposition of this matter, unless Petitioner's application for adjustment of status is adjudicated within the executive branch independently of this Court's proceedings.

                                                                Respectfully submitted,

Dated this 16 day of October, 2007

                                                                _____/s/_____
                                                                MICHAEL CRAIG COX[1]
                                                                Attorney for Petitioner
                                                                Anita Patel

Dated:

                                                                 SCOTT N. SCHOOLS
                                                                 United States Attorney

                                                                _____/s/_____
                                                                ILA C. DEISS
                                                                Assistant United States Attorney
                                                                Attorney for Respondents

---

[1] I, Michael Craig Cox, attest that both Ila Deiss and I have signed this joint case management statement and will produce original signed copies upon request.

Joint Case Management Statement - 5                              Case No. C 07 2919 SI

**CASE MANAGEMENT ORDER**

The Joint Case Management Statement and Proposed Order are hereby adopted as the Case Management Order for the Case and the parties are hereby ordered to comply with this Order.

Dated:

_____
SUSAN ILLSTON
United States District Judge