Michael Craig Cox, CA SBN # 248393
120 Roble Road, #108
Walnut Creek, CA 94597
Telephone:   650.245.2565
Facsimile:    by appointment: 925.943.6249
Email:         mick@legalhelpfor.us

Attorney for Petitioner
Anita PATEL

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **Anita PATEL,** | Case No.: C 07 2919 SI |
| Petitioner, | |
| v. | **Petitioner's Notice of Motion and Motion for Summary Judgment; [Proposed] Order Granting Petitioner's Motion for Summary Judgment** |
| **Alberto GONZALES**, in his official capacity, Attorney General, United States Department of Justice; | |
| **Michael CHERTOFF**, in his official capacity, Secretary, United States Department of Homeland Security; | Immigration Case, Administrative Procedure Act Case |
| | Agency No.: A096 542 186 |
| **Emilio GONZALEZ**, in his official capacity, Director, United States Citizenship and Immigration Services, United States Department of Homeland Security; and | Date:  December 14, 2007
Time:  9:00 a.m. |
| **David STILL**, in his official capacity, District Director, United States Citizenship and Immigration Services, United States Department of Homeland Security, San Francisco, California, | |
| Respondents. | |

TO RESPONDENTS AND THEIR ATTORNEY OF RECORD:

Notice is hereby given that on December 14, 2007 at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, CA, 94102, Petitioner Anita Patel will and hereby does move the Court for summary judgment on her petition for writ of mandamus. Petitioner asserts that there is no genuine issue of material fact in dispute and that she is entitled to judgment as a matter of law.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declaration of Michael Cox, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing. Petitioner humbly requests the court grant her motion for summary judgment and consider the prayer for relief set forth in her petition for writ of mandamus, including adjudication of her application within ten days of the Court's order.

Respectfully submitted,

Dated this 9th day of November, 2007

_____/s/_____
MICHAEL CRAIG COX
Attorney for Petitioner
Anita Patel

Motion for Summary Judgment and
[Proposed] Order Granting Summary Judgment - 2        Case No. C 07 2919 SI

I.  INTRODUCTION

Pursuant to Fed. R. Civ. P. 56(c), Petitioner Anita PATEL files her Points and Authorities in Support of her Motion for Summary Judgment.  Petitioner filed a petition for writ of mandamus and complaint under the Administrative Procedure Act ("APA") because Respondents have failed to adjudicate her application for permanent residency in a "reasonable time." 5 U.S.C. § 555(b).  That application has been pending for more than two and one-half years as of hearing date for this motion, even though a visa has been, and is, immediately available to her as a result of her marriage to a United States citizen since 2002.

Summary judgment should be granted because there is no dispute as to the length of time that Petitioner's applications have been pending, and because Respondents owe a statutory and regulatory duty to adjudicate Petitioner's applications.  Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997); Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir. 1986).  As such, Petitioner's applications must be adjudicated within a "reasonable time."  5 U.S.C. § 555(b).  A period of more than thirty months stretches beyond any "reasonable time" period.  Petitioner therefore requests that the Court grant her Motion for Summary Judgment and order that Respondents adjudicate her application for permanent residency within ten (10) days of the Court's order.

II.  QUESTION PRESENTED

Whether a United Kingdom citizen married to a United States citizen and subject of an approved I-130 alien relative petition is entitled, under the Immigration and Nationality Act and the Administrative Procedure Act, to an order of the Court mandating that United States Citizenship and Immigration Services adjudicate her I-485 application for change in status to permanent resident after a delay of two and one-half years, when the neither the applicant nor her spouse contributed to the length of that delay.

III.  STATEMENT OF UNDISPUTED FACTS

Petitioner Anita Patel is a native and citizen of the United Kingdom.  On May 3, 2002, Petitioner Patel married Anand Paul Singh Judge in California.  Mr. Judge was born in California and as a result is a United States citizen.  On or about June 3, 2005, Petitioner Patel's husband filed an immediate family visa application, Form I-130 Petition for Alien Relative.  The I-130

petition filed on behalf of Petitioner Patel was approved by United States Citizenship and Immigration Services ("USCIS") on December 14, 2005.

On or about June 3, 2005, Petitioner Patel filed Form I-485 Application to Register Permanent Resident or Adjust Status. Due to Mr. Judge's U.S. citizenship and marriage to Petitioner Patel, an immigrant visa was immediately available to Petitioner Patel, and she was therefore eligible to adjust her status to that of a lawful permanent resident. See 8 U.S.C. § 1151(b)(2), 8 U.S.C. § 1255(a).

The USCIS has not adjudicated Petitioner Patel's I-485 application that is based on her marriage to Mr. Judge, who is a U.S. citizen. On June 5, 2007, Petitioner Patel filed this action seeking an order directing USCIS to adjudicate her application for permanent residency.

IV.    ARGUMENT

Summary judgment is proper when the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party for summary judgment bears the burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Genuine issues of fact are those upon which a reasonable jury could find for the nonmoving party. "The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." See Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 – 252 (1986).

Petitioner Anita Patel moves that this Court grant summary judgment in her favor because Respondents owe a statutory duty to adjudicate her pending application for adjustment of status, and they have failed to act on that duty in a reasonable time.

A.    MANDAMUS IS APPROPRIATE BECAUSE RESPONDENTS OWE PETITIONER PATEL A NON-DISCRETIONARY DUTY TO ACT AND PETITIONER HAS EXHAUSTED ALL ADEQUATE REMEDIES.

The Mandamus Act provides that, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is a remedy available to compel a federal official to perform a duty if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997); Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir. 1986). Petitioner meets the above test. Her claim is clear and certain, Respondents have a duty to adjudicate her application for permanent residency, and no other adequate remedy is available.

Respondents owe Petitioner Patel a duty to act upon Petitioner's marriage-based adjustment of status application. The Immigration and Nationality Act provides that an individual may apply for permanent residency if she has been inspected and admitted or paroled into the United States, she is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and an immigrant visa is immediately available to her at the time his application is filed. 8 U.S.C. § 1255(a). In this case, Petitioner Patel is the subject of an approved I-130 Alien Relative Petition filed by her husband, and she submitted an I-485 application for change in status to permanent resident on June 3, 2005. Cox Declaration ¶¶ 5 - 6. In addition, regulations provide that:

> The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial… If the application is approved, the applicant's permanent residence shall be recorded as of the date of the order approving the adjustment of status.

8 C.F.R. § 245.2(a)(5).

The statutory and regulatory texts create a non-discretionary duty to adjudicate the Petitioner's adjustment of status application. The Supreme Court made clear that the use of the term "shall" constitutes a mandatory duty upon the subject of the command. Forest Guardians v. Babbitt, 164 F.3d 1261, 1268 -1269 (10th Cir. 1998) citing United States v. Monsanto, 491 U.S. 600, 607 (1989) (by using "shall" in civil forfeiture statute, "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute

applied"); Pierce v. Underwood, 487 U.S. 552, 569-70 (1988) (Congress' use of "shall" in a housing subsidy statute constitutes "mandatory language"). See also Singh v. Still 470 F. Supp. 2d 1064, 1068 (N.D. Cal. 2007); Patel v. Reno, 134 F.3d 929, 933 (9th Cir. 1997) (agency has a duty to act on pending visa petition based on the requirements of the Immigration and Nationality Act and its implementing regulations); Yu v. Brown, 36 F. Supp. 2d 922, 931 - 32 (D.N.M. 1999) (holding that the INS owed plaintiff a duty to process her application for a change of her status to permanent resident). Due to Petitioner Patel's filing of her I-485 application and the mandatory nature of the duty outlined above, Respondents owe Petitioner Patel a duty to adjudicate her pending I-485 application for adjustment of status.

Petitioner Patel lacks an adequate remedy other than bringing the present matter. She complied fully with requests for information, paid all fees, and attended all appointments in furtherance of her application. Cox Declaration ¶ 19. She checked the status of her application online and sought further information into the status of her application. See id. Waiting for an indeterminate period of time is inadequate for Petitioner Patel. See Singh v. Still 470 F. Supp. 2d 1064, 1071 (N.D. Cal 2007). That inadequacy is the impetus behind Petitioner bringing this matter. She has spent the past two and one-half years waiting for a response from USCIS, which is unreasonable.

### B. PETITIONER'S APPLICATION HAS BEEN DELAYED FOR AN UNREASONABLE LENGTH OF TIME.

The Administrative Procedure Act ("APA") provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). In addition, the APA further provides that the federal courts "shall ... compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The Tenth Circuit pointed out that the APA prohibits both agency action unlawfully withheld and agency action unreasonably delayed. Forest Guardians v. Babbitt, 164 F.3d 1261, 1269 (10th Cir. 1998). The APA therefore gives rise to a legally enforceable right to the completion of administrative agency action within a reasonable time, not merely a right to have the agency take some action at all." Id. Although the

Motion for Summary Judgment and
[Proposed] Order Granting Summary Judgment - 6        Case No. C 07 2919 SI

Immigration and Nationality Act does not dictate a discrete time period in which the agency must act, courts have concluded that the APA imposes a "reasonable time" constraint in such cases. See e.g. Yu v. Brown, 36 F. Supp. 2d 922, 928-32 (D.N.M. 1999), (applying the APA's reasonable requirement to similar regulatory provisions); Kim v. Ashcroft, 340 F. Supp 2d 384, 391-92 (S.D.N.Y. 2004), (same).

Petitioner's application for permanent residency based on her marriage to a United States citizen has been pending for approximately two and one-half years. Respondents have inflicted an unreasonable delay upon Petitioner Patel's quest to obtain permanent residency. See Galvez v. Howerton, 503 F. Supp. 35, 39 (C.D. Cal. 1980) (holding a six-month delay unreasonable); Paunescu v. INS, 76 F. Supp. 2d 896, 901-02 (N.D. Ill. 1999) (holding a ten-month delay unreasonable); Yu v. Brown, 36 F. Supp. 2d at 932 (holding a two and one-half year delay unreasonable).

Petitioner Patel has paid all fees, provided all requested information, and attended all scheduled appointments in furtherance of her application for adjustment of status. Cox Declaration ¶ 19. She has not contributed to the stagnant processing of her application in any way. See id. Respondents advertise an application processing timeframe of approximately six months, although Petitioner's application has languished for thirty months through no fault of her own. Id. at 18. Petitioner understands the need for a security check as part of such an application, but the facts provided in Petitioner Patel's application have not been shown to be particularly complicated or burdensome such as to justify such a long delay without a decision. See Singh v. Still 470 F. Supp. 2d 1064, 1069 (N.D. Cal. 2007). Petitioner Patel is simply the victim of unreasonable lethargy or inattention.

Respondents' failure to adjudicate Petitioner's applications for permanent residency has resulted in Petitioner remaining administratively blindfolded enduring significant emotional, mental, and financial stress from, among other factors: the lack of insight into the status of her application including whether a decision would be provided and what that decision might be, the toll of proceeding with the present matter before the Court, and the inability to travel freely and

see her family.  Respondents' failure to adjudicate Petitioner Patel's application also continues to delay Petitioner's ability to pursue United States citizenship and the benefits that flow from it.

III.   CONCLUSION

No genuine issues of material facts exist in this case.  Respondents owe a duty to adjudicate Petitioner Anita Patel's application for permanent residency and to do so within a reasonable period of time.  Respondents have violated this duty.  Petitioner Patel's application has been pending for two and one-half years, beyond any reasonable period of time, through no fault of Petitioner Patel.  As a result, she humbly requests this Court conclude that summary judgment in favor of Petitioner is warranted and order that Respondents adjudicate her application within ten days of this Court's order granting her motion for summary judgment.

Respectfully submitted,

Dated this 9th day of November, 2007

_____/s/_____
MICHAEL CRAIG COX
Attorney for Petitioner
Anita Patel

Michael Craig Cox, CA SBN # 248393
120 Roble Road, #108
Walnut Creek, CA 94597
Telephone:    650.245.2565
Facsimile:    by appointment: 925.943.6249
Email:        mick@legalhelpfor.us

Attorney for Petitioner
Anita PATEL

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **Anita PATEL,** | Case No.: C 07 2919 SI |
| Petitioner, | |
| v. | **[Proposed] ORDER GRANTING PETITIONER'S MOTION FOR SUMMARY JUDGMENT** |
| **Alberto GONZALES**, in his official capacity, Attorney General, United States Department of Justice; | Immigration Case, Administrative Procedure Act Case |
| **Michael CHERTOFF**, in his official capacity, Secretary, United States Department of Homeland Security; | Agency No.: A096 542 186 |
| **Emilio GONZALEZ**, in his official capacity, Director, United States Citizenship and Immigration Services, United States Department of Homeland Security; and | |
| **David STILL**, in his official capacity, District Director, United States Citizenship and Immigration Services, United States Department of Homeland Security, San Francisco, California, | |
| Respondents. | |

The motion for summary judgment by Petitioner Anita Patel came regularly before this Court for hearing on December 14, 2007. Petitioner filed a petition for writ of mandamus based upon Respondents' delay in adjudicating her application for adjustment of status to that of a lawful permanent resident. As of the hearing date, Petitioner's application has been pending for two and one-half years and is based upon the approved, marriage-based petition filed by her United States citizen husband. See 8 U.S.C. § 1255(a).

Mandamus is a remedy available to compel a federal official to perform a duty if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997); Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir. 1986). The Court finds that Petitioner meets the above test. The Immigration and Nationality Act and its implementing regulations create a mandatory and non-discretionary duty that Respondents adjudicate Petitioner's pending application for permanent residency. See 8 U.S.C. § 1255(a); 8 C.F.R. § 245.2(a)(5). The Court further finds that the Administrative Procedure Act ("APA") requires that such applications be adjudicated within a "reasonable time." 5 U.S.C. § 555(b). The Court finds that the thirty month delay imposed by Respondents upon Petitioner Patel is unreasonable. See e.g. Yu v. Brown, 36 F. Supp. 2d 922, 928-32 (D.N.M. 1999), (applying the APA's reasonable requirement to similar regulatory provisions); Kim v. Ashcroft, 340 F. Supp 2d 384, 391-92 (S.D.N.Y. 2004), (same).

After considering the motion for summary judgment, the parties' responses, arguments of counsel, and all other matters presented to the Court, IT IS HEREBY ORDERED that PETITIONER'S motion for summary judgment be, and hereby is, GRANTED. The Court hereby orders that Petitioner's application for lawful permanent residency be adjudicated within ten (10) days of this order.

Dated:

SUSAN ILLSTON
United States District Judge